# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATIASHA SMITH WILLIAMS** | **CIVIL ACTION NO. 20-1145** |
| **VERSUS** | **JUDGE GUIDRY** |
| **STATE OF LOUISIANA, ET AL** | **MAGISTRATE VAN MEERVELD** |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND, ALTERNATIVELY, MOTION FOR PARTIAL SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendant, Brink Hillman, submits this memorandum in opposition to the Motion to Remand and, alternatively, Motion for Partial Summary Judgment (R.Doc. 25) filed by plaintiff, Latiasha Smith Williams.

Plaintiff has alleged claims against Hillman and other defendants under 42 U.S.C. § 1983 as well as against the State of Louisiana under the Americans with Disabilities Act ("ADA"). This Court clearly has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and removal is therefore proper. Judges within this district and other courts throughout the Fifth Circuit have consistently allowed the State of Louisiana or State agencies to remove cases to federal court. While the removal waives the right of the State and the individual defendants (to the extent named in their official capacities) to object to the federal forum, removal does not result in a blanket waiver of sovereign immunity. Both the primary and alternative relief sought by plaintiff should be denied.

{01069224 - v1}

# LAW AND ARGUMENT

**1. Plaintiff's motion to remand must be denied.**

This action was removed to the United States District Court for the Middle District of Louisiana by the State of Louisiana (through the Department of Public Safety and Corrections), Department of Corrections Secretary James LeBlanc, and Rayburn Correctional Center Warden Robert Tanner on April 7, 2020, with the consent of all other served defendants. The action was subsequently transferred to this Court.

28 U.S.C. § 1441(a) provides that any civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by defendants to federal court. Plaintiff's state court petition for damages unambiguously asserts claims against defendants King, Crain, Rogers, Hillman, Tanner, and LeBlanc under 42 U.S.C. § 1983 for which original jurisdiction exists in this Court.[1] The petition further asserts that the defendants failed to accommodate plaintiff's decedent "in violation of federal … law," presumably either the Americans with Disabilities Act or the Rehabilitation Act of 1973.[2] There is no question that the plaintiff has stated claims against all defendants over which this Court has original jurisdiction.

This Court further has original supplemental jurisdiction over plaintiff's state law wrongful death and survival claims under 28 U.S.C. Sec. 1367(a) because those claims "are so related to" plaintiff's Section 1983 claims that "they form part of the same case or controversy under Article III of the United States Constitution." While plaintiff in her motion argues in passing that her state law claims should be severed from her federal claims and remanded to state

---

[1] R.Doc. 1-4, ¶¶ 79-85.
[2] Id., ¶ 105.

court, she makes no attempt to even argue that any of the bases provided in 28 U.S.C. Sec. 1367(c)(1)-(4) provide this Court any reason to decline to exercise supplemental jurisdiction over those claims.

Instead of arguing that removal was improper because this Court lacks jurisdiction, plaintiff challenges the authority of counsel for the State, LeBlanc, and Tanner to remove the case based on what she purports to be a waiver of the State's Eleventh Amendment immunity. Plaintiff argues, with no real support to be found in the case law, that "private counsel representing the State" cannot remove a case. Indeed, she cites numerous cases at pages 8-9 of her memorandum (Doc. 25-2) in which private attorneys representing the State have in fact removed numerous cases to Louisiana federal district courts without any objections raised by the parties, by the Court, or by the Louisiana Attorney General. Despite those cases, as well as many others, Plaintiff urges this Court, "as a matter of first impression," to ignore all of this jurisprudence and instead defer to what he refers to the Fifth Circuit's "rule" in *Dagnall v. Gegenheimer*, 631 F.2d 1195 (5th Cir. 1980).

As an initial matter, there is no legal basis for differentiating between in-house attorneys working within the Attorney General's office from outside counsel retained by the Attorney General. La. R.S. 49:257(A) provides that the Louisiana Attorney General shall represent and defend the state and all departments and agencies of state government in all litigation arising out of or involving tort or contract. La. R.S. 49:258 (first passed in 1988, eight years after *Dagnall*) authorizes the Attorney General to appoint private counsel to represent the state or a state agency with the concurrence of the Louisiana commissioner of administration. *All* defense counsel in this proceeding have been appointed by the Louisiana Attorney General, with the concurrence of

the Louisiana Commissioner of Administration (through the Office of Risk Management), as Special Assistant Attorneys General with full statutory authority to represent the State of Louisiana. Counsel in this proceeding and all other proceedings defended by "private counsel" merely step into the shoes of the Attorney General. Contrary to plaintiff's assertion, counsel could not have removed this matter to federal court without first obtaining express authority from the Louisiana Attorney General's office to do so.

Second, and just as important, *Dagnall* had nothing to do with removal. In *Dagnall*, a resident of Wisconsin filed suit against the State of Louisiana in the United States District Court for the Eastern District of Louisiana based on diversity of citizenship in a negligence action brought solely under state law. The issue before the Fifth Circuit in that case was whether the State of Louisiana had waived its sovereign immunity because private counsel answered the suit and proceeded to trial, not whether the State had waived immunity because private counsel appointed by the Louisiana Attorney General had authority to remove a case on behalf of the State.

**2. Removal by the State or a State agency is not a blanket waiver of sovereign immunity.**

Plaintiff's argument relies in large part on the incorrect implication that the removal by the State waived its sovereign immunity in all aspects. This is incorrect.

In *Jones v. La. Dep't of Health & Hosps.*, Civil Action No. 15-6997, 2016 WL 3198614 (E.D.La. June 9, 2016) (Engelhardt, J.), a lawsuit against the Louisiana Department of Health and Hospitals was removed to this Court asserting § 1983 and ADA violations by the State and two State employees. The plaintiff then argued that the State waived its sovereign immunity against both claims due to the removal. Judge Kurt Engelhardt, citing to the Fifth Circuit's

holding in *Meyers ex rel. Benzing v. Texas,* 410 F.3d 236, 254 (5th Cir. 2005), noted that "there are two distinct components to the immunity that the States enjoy as sovereigns: immunity from suit in a particular forum and immunity from liability." *Id.* at 3-4. The Court ruled that the State, by removing the action to federal court, had clearly waived the first component of immunity and could not object to being sued in federal court. The State, however, "[did] not waive is immunity from *liability*." *Id.* at *4.

Similarly, in *Pegues v. Bd. of Supervisors*, Civil Action No. 18-2407, 2019 WL 1544366 (E.D.La. Apr. 9, 2019) (Morgan, J.)—a case in which private counsel appointed as special assistant attorneys general removed an ADA claim to this Court—Judge Susie Morgan held that the LSU Board of Supervisors, as an arm of the State, had waived its right from immunity to the federal forum through the removal but did not waive its right to claim immunity from liability. *Id.* at *7-8.

By removing the instant case to federal court, the State (and all individual defendants which consented to the removal) only partially waived its sovereign immunity. The State waived its right to object to being haled into a federal forum and defending this matter through trial and beyond. But the State (and the individual defendants, to the extent that plaintiff named them in their official capacities as officers or employees of the State) did not waive any potential immunity from liability. The State, for example, would not have waived its right to assert that it is not a "person" subject to suit under § 1983 or its right to assert immunity from ADA claims as it did in *Jones* and *Pegues*. Hillman and the other individual defendants have not waived their rights to claim immunity in their official capacities. All parties have simply waived any right to

object to the federal claims or state law claims from being heard in this Court and being tried in this Court.

## CONCLUSION

The State and its agencies and employees have removed cases to this Court many times. Their authority to do so and the consequences of doing so on sovereign immunity are both well established in this district. This is not a matter of first impression. Undersigned counsel, like counsel for the State and all other defendants in this matter, has been duly authorized by Louisiana law to act on behalf of the Office of the Louisiana Attorney General. The Court should deny plaintiff's Motion to Remand and alternative Motion for Partial Summary Judgment and retain jurisdiction over all claims.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

By: *s/ Gregory C. Fahrenholt*
DENNIS J. PHAYER (La. Bar # 10408)
GREGORY C. FAHRENHOLT (La. Bar # 28572)
BURGLASS AND TANKERSLEY, LLC
Special Assistant Attorneys General
5213 Airline Drive
Metairie, Louisiana 70001
Telephone: (504) 836-0428
Facsimile: (504) 287-0468
Email: dphayer@burglass.com
Email: gfahrenholt@burglass.com
*Attorneys for Brink Hillman*