UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LATIASHA SMITH WILLIAMS | * | CIVIL ACTION NO. 20-1145 |
| | * | |
| VERSUS | * | SECTION: "P"(1) |
| | * | |
| STATE OF LOUISIANA AND ITS | * | JUDGE DARREL JAMES PAPILLION |
| SUBDIVISION, THE LOUISIANA | * | |
| DEPARTMENT OF PUBLIC SAFETY | * | MAGISTRATE JUDGE |
| AND CORRECTIONS, ET AL. | * | JANIS VAN MEERVELD |
| ********************************* | * | |

ORDER AND REASONS

Before the Court is the defendants' Motion to Join a Party Required by Federal Rule of Civil Procedure. (Rec. Doc. 174). Because the Court finds that the decedent's other daughter must be joined to the wrongful death and survival actions asserted here, the Motion is GRANTED. Latousha Young is hereby made a defendant to this lawsuit; to preserve any rights she may have in the claims asserted in this lawsuit, she must make an appearance in this action within 30 days of service of this Order and Reasons.

Background

This lawsuit arises out of the death of Anthony Carl Smith while incarcerated at B.B. Rayburn Correctional Center on March 10, 2019. During an altercation with Sergeant Gary King and Sergeant John Crain—who believed Smith had attempted to spit on them—the officers forced Smith to the ground where he struck his head. King plunged his knees into Smith's ribs. Smith began to vomit. Smith was then placed in a spit mask by Captain Brink Hillman. After being placed in a cell on his back with the spit mask still on and in a semi-conscious state, Smith died.

Plaintiff Latiasha Smith Williams—alleging she is the duly acknowledged and only child of the unmarried Smith—filed suit in Louisiana state court on February 27, 2020. She asserts

1

claims for deprivation of constitutional rights under 42 U.S.C. § 1983, negligence, wrongful death, and a survival action. She seeks compensatory damages, attorneys' fees, and punitive damages. She also asserts a claim for disability discrimination. Defendants removed to the district court in the Middle District of Louisiana on April 7, 2020, and the case was transferred to this district the following day. On October 22, 2022, the Court stayed the proceedings pending the resolution of criminal prosecutions of defendants Hillman, King, and Crain, in state court for the same conduct that forms the basis of Williams' claims. This case was reopened on January 18, 2023. Trial is presently scheduled to begin on August 19, 2024. The deadline to complete discovery is May 9, 2024.

      In the present motion, defendants assert that recent discovery refutes Williams' purported status as Williams' only surviving child.[1] They submit that the Master Prison Record ("MPR") for Smith indicates that Smith identified two daughters, "LieLie Smith" and "Latosha Smith" who were 30 and 31 in 2014. Defendants say they have been attempting to locate these daughters, despite Williams' testimony that she was not aware of any other children Smith may have had. They contacted the woman identified in Smith's MPR as his sister and primary emergency contact. She did not have any information about LieLie or Latosha, but she directed defendants to her brother Richard Smith, Jr. (also Smith's brother). He revealed that Smith did have another daughter—Latousha Young. He has provided a sworn declaration that Smith told him that he had two daughters: Latiasha Williams and Latousha Young—whose mother is Janice Young, a cousin of Smith.

      Defendants then sought to locate Young. They found that she is incarcerated in the Louisiana Transitional Women's Center in Tallulah, Louisiana. She voluntarily provided a DNA

---

[1] Of note, Williams filed a Motion for Partial Judgment on March 26, 2024, seeking a ruling that she is Smith's sole surviving child. That motion is pending before the District Court.

2

sample on January 31, 2024. LabCorp performed a DNA analysis. Using Smith's blood card on file at the St. Tammany Parish Coroner's Office, LabCorp performed a DNA analysis. Dr. Theodore D. Kessis, Ph. D., Forensic DNA Expert, reviewed the DNA testing results and confirms that Latousha Young is the biological daughter of Smith. Defendants believe she is the "Latosha" identified in Smith's MPR.

Defendants argue that Young is a person who must be joined under Federal Rule of Civil Procedure 19(a)(1). They insist that under Louisiana law, a decedent's child generally cannot pursue a wrongful death action without joining her siblings. Further, they argue that when two or more beneficiaries have an action for survival damages, all beneficiaries must be joined to avoid multiplicity of suits arising from a single cause of action. They ask the Court to allow 60 days for Young to join as a plaintiff, considering that she is incarcerated and it may take some time for her to obtain counsel, and that if she fails to do so, the Court should require Williams to join Young as a plaintiff within 30 days.

Williams opposes the motion. She points out that Young has not been legally recognized as Smith's daughter. She complains that defendants are trying to interject an uninterested party into ongoing litigation. She argues that complete relief can be afforded without the joinder of Young because Young—if she is indeed a child of Smith—has a separate claim for wrongful death damages. She argues that the resolution of the survival action will be binding on any other children and that, therefore, Young is not needed as a party to protect the defendants. She argues further that, to the extent the Court finds Young must be joined (even against her will), that she should be added as a defendant to avoid further delay.

Law and Analysis

1. Rule 19

Pursuant to Federal Rule of Civil Procedure 19:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
**(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
**(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
**(i)** as a practical matter impair or impede the person's ability to protect the interest; or
**(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" Hood ex rel. Mississippi v. City of Memphis, Tenn., 570 F.3d 625, 628 (5th Cir. 2009) (quoting Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1309 (5th Cir. 1986)).

Where a person has not been joined as required by Rule 19, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). Where a person refuses to join as a plaintiff, she "may be made either a defendant or, in a proper case, an involuntary plaintiff." Id.

In the case of wrongful death and survival actions, joinder of all beneficiaries in the same class is typically required. For example, courts have held that "under Louisiana law, a decedent's child generally cannot pursue a wrongful death action on behalf of her deceased parent absent joinder of her sibling(s)." Gilmore v. Moncom, LLC, No. CV 22-00262-BAJ-EWD, 2023 WL 1081277, at *2 (M.D. La. Jan. 27, 2023) (allowing plaintiff to amend her complaint to join her sister and remove her mother as plaintiff); see Raines v. Smith, No. CV 18-1075, 2018 WL

4

5904506, at *3 (W.D. La. Nov. 9, 2018) ("This Court believes that in the absence of Knippers [a sibling of the decedent], it cannot accord complete relief to Raines [another sibling of the decedent] pursuant to Louisiana law, which gives both Knippers and Raines an interest in wrongful death damages and requires that both Knippers and Raines pursue their claims in one forum."). Similarly, courts have held that "[w]hen two or [m]ore beneficiaries are vested with a right of action for survival damages, all members of the applicable beneficiary class under article 2315.1 must be joined in one lawsuit in order to avoid multiplicity of suits arising from one single cause of action." Brasseaux v. Chevron U.S.A. Inc., No. 6:20-CV-00460, 2020 WL 4519262, at *1 (W.D. La. Aug. 5, 2020); see Morrison v. New Orleans Pub. Serv. Inc., 415 F.2d 419, 423 (5th Cir. 1969) ("Louisiana permits only a single lump-sum damage award for the pain and suffering of a wrongfully killed person, and this award must be obtained in a single action to which the surviving spouse and all the children are parties.").

   2. *Analysis*

Here, Williams is asserting wrongful death and survival actions arising out of the death of Smith. She does not dispute the evidence showing that Young is one of Smith's children. It appears, therefore, that Young has an interest in the survival action and a right to assert a wrongful death action. As Williams herself acknowledges, "[a] filiation action inherently accompanies an illegitimate child's wrongful death and survival action." Henderson v. Turner, No. CIV.A. 11-39, 2012 WL 3109482, at *4 (M.D. La. July 31, 2012). Thus, the fact that Young has not asserted a separate filiation action in state court is not determinative of Young's rights here. If she is joined to this lawsuit, filiation will be determined here.

Williams argues that complete relief can be accorded among the existing parties because there is a single survival action, which means there can be no inconsistent judgment and because

Young will be bound by any judgment on the survival action. But the case she cites for the latter principle is inapposite. There, the District Judge found that where two groups of children substituted into their father's asbestos exposure lawsuit at different times following his death, the later joining group would be bound by the settlements reached by the earlier joining group as to the survival actions because under the Louisiana Code of Civil Procedure, when a party substitutes for another, the lawsuit continues in the procedural posture that existed at the time the substitution became necessary. Lopez v. McDermott, Inc., No. CV 17-8977, 2019 WL 6464973, at *4 (E.D. La. Dec. 2, 2019). No substitution of parties is implicated in this lawsuit. Moreover, as defendants point out, res judicata as a result of this suit can only preclude a new suit by Young if she was a party to this one. See La. Rev. Stat. § 4231.

The Court finds that without Young's joinder, this lawsuit cannot provide complete relief to the parties. The defendants could later be sued by Young on the same claim. Her absence from this lawsuit could subject defendants to multiple suits on the same issue. And, Louisiana courts require the joinder of siblings to a survival action. The Court finds that Young must be joined to this lawsuit to accord complete relief between the parties as to the survival action.

Williams also argues that complete relief can be accorded among the existing parties because any claim by Young for wrongful death damages is separate from Williams' wrongful death claim and could not be pursued by Williams in this lawsuit. The Court need not address this issue because the Young's interest in the survival action is sufficient to require joinder under Rule 19. In any event, the case law indicates that siblings with wrongful death claims should be joined to a single suit. E.g., Gilmore, 2023 WL 1081277, at *2; Raines, 2018 WL 5904506, at *3."]

Williams also argues that this Court should not disturb the sanctity of the family by joining an alleged daughter of Smith that has never made the choice to filiate herself to him. That is simply

not a relevant consideration. All parties with a right to a survival action and wrongful death damages arising out of Smith's death must be joined to this lawsuit.

Because this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, the joinder of Young would not deprive this Court of jurisdiction. Because Young is located in Louisiana, she is subject to service of process. Joinder of Young is appropriate and required under Rule 19.

The only remaining question is whether Young will join voluntarily or whether she must be forced to join this lawsuit. At oral argument, defense counsel represented that they had been in contact with Young and that she seemed interested in joining the lawsuit. Nonetheless, she has not yet attempted to join after having had notice of this suit for nearly three months (considering that she provided a DNA sample on February 1, 2024). In the interest of keeping this case on track, especially considering the delays already experienced due to the criminal proceedings involving some of the defendants, the Court finds that Young must now be joined as a defendant. If she obtains counsel and makes an appearance, she can be realigned as a plaintiff.

Conclusion

Having found that Latousha Young must be joined to this lawsuit pursuant to Rule 19, defendants' Motion to Join a Party Required by Federal Rule of Civil Procedure (Rec. Doc. 174) is GRANTED. **Young shall be joined as a defendant to this action and shall have 30 days from the date she is served with this Order and Reasons to retain counsel and make an appearance in this action.** Her failure to do so may result in a finding and judgment that she has waived any right she may have in the claims asserted by the plaintiff in this lawsuit. The Court shall send a copy of this Order and Reasons to Young's last known address by mail. Additionally, defendants

shall promptly effect service of this Order and Reasons on Young and shall file evidence of service into the record.

New Orleans, Louisiana, this 1st day of May, 2024.

_____
Janis van Meerveld
United States Magistrate Judge

**Clerk to serve by U.S. Mail:**
Latousha Young
Louisiana Transitional Center for Women
1005 W. Green St.
Tallulah, LA 71282